word "not" was omitted before the words "less than at the rate of one day for every twenty miles." 3. Because the magistrate has not certified that the witness was sworn to testify the whole truth "in the matter in controversy." 4. Because he has not certified that the part of the testimony which was reduced to writing by the witness himself, was so reduced in the presence of the magistrate. It being only certified that the testimony was reduced to writing by the witness and the magistrate.

THE COURT, however, overruled all these objections; CRANCH, Chief Judge, doubting as to the last, but assenting, because the parties had agreed to receive that part of the testimony which appeared to be in the deponent's handwriting.

Verdict for the defendant, by assent of the plaintiff, without any evidence having been produced on either side. The defendant having summoned upwards of thirty witnesses, the plaintiff objected to their being taxed against him.

THE COURT (nem. con.) directed the clerk not to tax more than three witnesses for the defendant; unless the defendant should satisfy the court by affidavit of the particular points to prove which they were summoned, and that they were necessary to his defence. Upon such affidavit being made, THE COURT allowed all to be taxed, excepting six; there having been nine summoned to one point.

---

BUSSARD (ENTWISLE v.). See Case No. 4,503.

BUSSARD (HOLMES v.). See Case No. 6,636.

---

## Case No. 2,229.

### BUSSARD v. WARNER.

[2 Cranch, C. C. 111.] [1]

Circuit Court, District of Columbia. June Term, 1815.

BAIL—INSOLVENCY OF PRINCIPAL — EXONERATION OF SURETY.

If the principal be discharged under the insolvent act before the bail be fixed, and the bail, being taken in execution, give a note for the amount of the debt, the court, upon the return of the execution, will, on motion, order the note to be given up to be cancelled.

At law.

Mr. Wallach, for the bail, obtained a rule to show cause why the note given by the bail, who was taken on the execution, should not be given up to be cancelled, on the ground that Warner was discharged under the insolvent act before the bail was fixed. Mannin v. Partridge, 14 East, 599; Donnelly v. Dunn, 2 Bos. & P. 45. Warner was discharged before judgment on the scire facias, which was more than a year ago.

Mr. Wiley and Mr. Key, for the plaintiff, contended that it was too late. The execution against the bail was returned to this term satisfied; and the court could not rescind its judgment upon the scire facias after the term at which it was rendered had expired.

THE COURT (MORSELL, Circuit Judge, doubting) ordered the note to be given up to be cancelled.

---

BUSSARD (WATERS v.). See Case No. 17,262.

---

## Case No. 2,230.

### BUSSEY et al. v. HICKS et al.

### SAME v. WAGER.

[9 O. G. 594.]

Circuit Court, N. D. New York. March 4, 1876.

[9 O. G. 594, contains the decree of perpetual injunction in these cases, which decree will be found at the end of the opinion in the next following case, No. 2,231.]

---

## Case No. 2,231.

### BUSSEY et al. v. WAGER et al.

[2 Ban. & A. 229; 9 O. G. 300; 23 Pittsb. Leg. J. 131; Merw. Pat. Inv. 456.] [1]

Circuit Court, N. D. New York. Jan. Term, 1876.

PATENTS—INFRINGEMENT—RESERVOIR COOKING STOVES.

The fourth claim of complainants' patent, construed to be for the combination due to the location of a reservoir in relation to a partial back plate, so that the front plate of the reservoir will form a portion of the casing of the vertical flues, and be directly heated by the products of combustion as they pass up and down the rear flue or flues, thus substituting the front of the reservoir for the portion of the back plate omitted in the construction; and upon such interpretation held to be infringed by the defendants.

This was a bill in equity filed [by Ezek Bussey and Charles A. McLeod] against the defendants [James Wager, E. J. Hicks, and G. G. Wolfe] for infringement of reissued letters-patent No. 5,435, dated June 3, 1873 [patent originally issued to Bussey and McLeod, December 5, 1865, and numbered 51,292], granted to complainants for improvements in reservoir cooking stoves.

Esek Cowen and George Harding, for complainants.

Samuel A. Duncan and George Gifford, for defendants.

WALLACE, District Judge. The pressure of other duties requires me, in the disposition of these causes, to confine myself to such a brief statement of my views, on the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. 23 Pittsb. Leg. J. 131, and Merw. Pat. Inv. 456, contain only a partial report.]